TOWN OF PASS CHRISTIAN v. JEAN J. WASHINGTON.

1. MUNICIPALITIES. *Ordinance. Construction. Health officer. Doctor's bill.*

An ordinance appointing a physician health officer of a municipality and directing him to take " the necessary sanitary precautions for the general good of the health of the town," is not a contract binding the municipality to pay the physician for professional services rendered patients.

2. SAME. *Court to construe ordinance.*

The court itself should construe a municipal ordinance, and not sub-mit it to a jury for construction.

FROM the circuit of Harrison county.

HON. GEORGE ANDERSON, Judge.

Washington, appellee, was the plaintiff in the court below; the town of Pass Christian, appellant, was defendant there. The action was in assumpsit on *quantum meruit* for profes-sional services rendered by plaintiff, a physician, to four pa-tients who were suffering from smallpox. From a judgment for $1,200 in plaintiff's favor the defendant appealed to the supreme court.

In April, 1900, Dr. Washington discovered four cases of smallpox in the town, which he reported to the mayor, who

directed him to take charge of them, and do everything in his power to prevent the spread of the disease. On the next day there was a meeting of the mayor and board of aldermen, and the matter was discussed. The mayor told the doctor to go ahead, and do what was necessary, and he would be paid. The board then passed the following order: "That Dr. J. J. Washington be, and is hereby, appointed health officer of the town of Pass Christian, and requested to take at once the necessary sanitary precautions for the general good of the health of the town." Dr. Washington took charge of the four cases of smallpox, isolated them, treated them for three weeks, and fumigated their bedding and clothing, and thereby, as he claimed and believed, prevented the spread of the disease.

*Mc Willie & Thompson* and *Bowers, Chaffe & McDonald*, for appellant.

A municipality cannot be charged for professional services rendered, or in fact, upon any contract to pay money which is not evidenced by an entry on the minutes of the municipality. The mayor cannot contract for such services, nor can an alderman do so, or any number of aldermen. The municipality must speak through its minutes. It needs no citation of authority to maintain this position. In a suit determined in this court sometime since, it was so held in respect to the liability of a county. *Marion Co.* v. *Woulard*, 77 Miss., 343; s.c., 27 So. Rep., 619.

The second instruction is erroneous because it authorizes the jury to find the defendant authorized and directed plaintiff to take charge of the smallpox cases, and to give them care and attention without reference to the minutes of the municipality; and sanctioned the idea that the plaintiff could rest his case upon testimony of verbal declarations made by the mayor. :

The court below ought to have given a peremptory instruction for the defendant, and erred in not so doing. There was no order or ordinance of the municipal authorities shown upon which the pretended contract could be based.

The ordinance appointing Dr. Washington health officer requested him "to take at once the necessary sanitary precautions for the good health of the town." It cannot be said that this authorized him to treat the patients, all who might contract the disease, without reference to their own ability to pay; but, if in any sense, it authorized him to treat patients, whether paupers alone or all patients, it authorized him to do so as health officer; and we must, and the doctor should, look to the law for the compensation of health officers. This, we find in the amendment to the charter of the town in these words: "The health officer shall receive for his services reasonable compensattion, the same to be a per diem while in active service, to be fixed by the town board of health, and approved by the mayor and board of aldermen."

It is settled by the case of *Yandell* v. *Madison Co.*, *ante*, 288, 32 So. Rep., 918, that a health officer cannot sue upon a *quantum meruit* for special services to sick persons. He must sue for his salary and is entitled to recover nothing else. This, like *Yandell's case* is not a suit for his salary; it is a suit upon a *quantum meruit*, and is expressly condemned by this court.

*Ford & White* and *W. G. Evans*, for appellee.

It will be seen that the character of the work of the health officer was such "examining" into the causes of diseases, "investigating" the sanitary conditions of schools, etc., "suggesting" suitable sanitary measures and "recommending" such regulations as he may deem proper. It was never contemplated that he should treat the sick, remove causes of disease, cleanse the premises around schools, prisons, markethouses, butchers' stalls, etc. Nor was it ever contemplated that he should take charge of smallpox patients, provide quarters, isolate them, give them the necessary medical attention, disinfect the premises and their clothing and bedding, and vaccinate the people of the town. All this he did under the order of the mayor and board of aldermen directing him "to

take at once the necessary sanitary precautions for the good health of the town," which order was passed at a time and under circumstances which left no doubt in his mind as to its meaning. The board of health recognized that other services had been rendered besides his duties as health officer, as shown by the order requesting him to endeavor through the county health officer to get the county to bear part of the expense.

The mayor and board of aldermen recognized an indebtedness to him, as shown by their action. On June 19, they allowed his account as health officer for $100, and referred his account for vaccination to the finance committee, and, on July 3, they passed an order rejecting said account and tendering him "legal rates in payment for said services."

The question as to whether this service was contemplated by the board of health, in making the order directing him to "take at once the necessary sanitary precaution for the health of the town," was fairly submitted to the jury and decided in the affirmative.

Argued orally by *R. H. Thompson*, for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The order made by the board of mayor and aldermen was a mere appointment of Dr. Washington as a health officer, vesting him with the usual authority with respect to sanitary precautions for the good of the town. It was in no sense a contract to treat these four smallpox patients, and no other valid contract for that purpose is shown. How such a contract is to be properly made, we have decided over and over. Without a contract there is no liability on the part of the town. It seems, indeed, to be conceded that no bill would ever have been presented to the town for these services if the charges made by appellee for vaccination had been paid by the city. The whole case fails for the want of any valid contract for these particular services with the city.

· It was clearly error in the court below to submit to the jury the order of the board for construction. It was the duty of the court to construe it. The peremptory instruction for defendant should have been given.

*Reversed and remanded.*